## APPEAL OF SAMUEL GRAYDON.

Docket No. 1477.    Submitted April 27, 1925.    Decided September 8, 1925.

Salary credited to the taxpayer on the books of the corporation in the year 1920, but not available for his use, is not taxable to him for that year.

The receipt by an individual in 1921 of stock of a corporation, not having a readily realizable market value, in consideration for amounts credited on the books of the corporation for unpaid salary does not result in taxable income.

*C. J. McGuire, Esq.,* and *H. A. Tufel, Esq.,* for the taxpayer.
*J. Harry Byrne, Esq.,* for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

This appeal is from a determination of deficiencies of $346.62 and $5,875.81 in income taxes for the years 1920 and 1921, respectively, an overassessment of $314.68 having been found for the year 1919. From the oral and documentary evidence presented at the hearing, the Board makes the following

### FINDINGS OF FACT.

The taxpayer, during the years 1920 and 1921, was treasurer of the Wynkoop, Hallenbeck, Crawford Co., hereinafter referred to as the corporation. He received a fixed annual salary, and, in addition, by an agreement entered into in 1915, extra compensation on a sliding scale based on the net profits of the corporation. The minutes of the special meeting of the board of directors of the corporation held December 17, 1920, in which the salaries of officers were fixed for that year, read in part as follows:

Additional compensation under prior agreements between the corporation and the following persons based on percentages of profits in the business for

the period from May 31, 1919, to May 31, 1920, amounting to $299,183.09, computed by Mr. U. L. Leonhauser, adopting the same method as used in the report of Messrs. Lybrand Ross Bros. & Montgomery, for the period ending May 31, 1919, was authorized to be distributed as compensation in addition to salaries previously fixed as follows:

| | |
|---|---|
| Mr. John C. Morrison, 10 per cent | $29,918.31 |
| Mr. Walter L. Hopkins, 15 per cent | 44,877.46 |
| Mr. Samuel Graydon, 10 per cent | 29,918.31 |
| Mr. John J. Hallenbeck as in previous year, 35 per cent | 104,714.08 |
| | 209,428.16 |

On motion duly made and carried it was resolved that 33⅓ per cent of the net profits of the business for the period from May 31, 1920, to December 31, 1920, computed by adopting the same method as the report of Messrs. Lybrand Ross Bros. & Montgomery, for the period ending May 31, 1919, shall be distributed as further compensation as follows:

| | | | |
|---|---|---|---|
| Mr. John J. Hallenbeck | 17 | per cent of the whole profits | $23,434.01 |
| Mr. John C. Morrison | 7.46 | per cent of the whole profits | 10,283.39 |
| Mr. Walter L. Hopkins | 4.43 | per cent of the whole profits | 6,106.63 |
| Mr. Samuel Graydon | 4.43 | per cent of the whole profits | 6,106.62 |
| Total | 33.32 | per cent of the whole profits | 45,930.65 |

It was also resolved that 33⅓ per cent of said net profits be applied to the retirement of the debt of this corporation to the estate of Harry C. Hallenbeck, deceased, and the balance of said profits be held for a working surplus or to be used in such manner as the board of directors may from time to time decide.

On motion duly made and seconded, it was resolved that the salaries of the officers of the corporation shall be as follows:

| | |
|---|---|
| Mr. John J. Hallenbeck | $25,000 |
| Mr. John C. Morrison | 15,000 |
| Mr. Walter L. Hopkins | 12,000 |
| Mr. Samuel Graydon | 12,000 |

which shall be retroactive to the 1st day of January, 1920.

It was orally agreed between the taxpayer and the three other officers of the corporation who had similar agreements with respect to extra compensation, that such compensation for 1920 would be drawn only as funds were actually available therefor, and only with the mutual consent of all four. May 2, 1921, a resolution to that effect was passed by the board of directors. Of the total authorized salary for the year 1920 of $48,024.92 the taxpayer received in cash during that year $9,876.16. The corporation credited the taxpayer on its books of account with $48,024.92 for 1920 and deducted the amount so credited from its gross income for such year in making its tax return. The total amount due officers as of December 31, 1920, for compensation was $281,671.81. The cash balance of the company at that time was $18,805.98. On June 30, 1921, the corporation was indebted to the estate of H. C. Hallenbeck in the amount

of $276,837.23, for which there was a chattel mortgage on the plant assets, and to the officers for salaries in the amount $262,828.35. Although the corporation was solvent it could not borrow money due to these large credits. In order to place it in a good banking position the estate and the officers agreed to reduce their claims by the acceptance of $400,000 7 per cent cumulative preferred stock, par value $100, of which the estate took $275,000, and the four officers $125,000, of which the taxpayer received $25,000 on August 8, 1921. In addition thereto he received $4,939.63 in cash of the amount credited to his account as of December 31, 1920. The corporation included in its invested capital from the date of the issuance of the stock in 1921 an amount equal to the par value thereof. The taxpayer still holds all the stock so accepted by him. He has endeavored to borrow money on it from the banks on several occasions, but they have refused to take it as collateral. Walter L. Hopkins, who received 300 shares of stock of the corporation under similar circumstances sold 100 shares to John J. Hallenbeck at $25 a share in 1923, but was unable to sell any more. Hallenbeck purchased the stock out of friendship for Hopkins, who was in need of money at that time. All the stock of the corporation was closely held, approximately 90 per cent of the common and 70 per cent of the preferred being owned by the estate of H. C. Hallenbeck. No dividends have ever been paid on the stock nor did it have in 1921 a readily realizable market value.

The taxpayer's books were kept and his returns filed on a cash receipts and disbursements basis, while the corporation books and its returns were on the accrual basis.

In his returns for the years 1920 and 1921 the taxpayer included the cash actually received but did not report the stock received in 1921. Upon the advice of friends he filed an amended return for the latter year in which he included the stock at an arbitrary value of $25 per share. The Commissioner ruled that the actual cash received in 1920 should be included in gross income and that the stock should be included in the 1921 return at its par value of $100. At the hearing the Commissioner, upon leave being granted, amended his answer to the effect that all salary for the year 1920 credited to the taxpayer on the books of the corporation was constructively received, and should be reported in his return for that year.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

## OPINION.

MORRIS: This appeal raises the following questions: Whether salary for the year 1920 credited to the taxpayer on the books of the corporation was constructively received by him in that year, and if not, whether he realized income in 1921 upon the acceptance of stock in liquidation of a portion of that salary? The first question was decided adversely to the Commissioner in the *Appeal of Walter L. Hopkins*, 2 B. T. A. 549.

The facts affecting the second issue are almost parallel to those in the *Appeal of A. L. Englander*, 1 B. T. A. 760, in which we held that the acceptance by an employee of no par value shares of stock in consideration for settlement of amounts credited to such employee on the books of the corporation for unpaid salary and for cash advanced to the corporation does not result in taxable income to the employee unless such shares have been converted into cash or have a readily realizable market value. That decision is decisive of this appeal.

ARUNDELL not participating.